IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY HEUSER AND NONA HEUSER,

      Plaintiffs,

      vs.                                      NO. CIV 95-257 MV/LCS

GARY JOHNSON, et al.

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER COMES** before the Court on Plaintiffs' Motion for Leave to File a Third Amended Complaint filed April 29, 1998 **[Doc. No. 309]**, on the San Juan County Defendants' Motion for Leave to Submit Additional Briefs in Opposition to Plaintiffs' Motion for Partial Summary Judgment and Request for Leave to File a Motion for Reconsideration of Facts and Conclusions Set Forth in the Court's Opinion Orders filed November 21, 2000 **[Doc. No. 416]**, and on the San Juan County Defendants' Motion to Strike Plaintiffs' Proposed Third Amended Complaint filed March 9, 2001 **[Doc. No. 454]**.

The Court, having considered the parties' pleadings and relevant law, and being otherwise fully informed, finds that Plaintiffs' Motion for Leave to File a Third Amended Complaint is well-taken and will be **GRANTED**; that Defendants' Motion for Leave to File a Motion for Reconsideration is not well-taken and will be **DENIED**; that Defendants' Motion for Leave to Submit Additional Briefs is well-taken and will be **GRANTED**; and that Defendants' Motion to Strike is not well-taken and will be **DENIED**.

**Background.**  This matter has been proceeding for approximately six years.  On March 10, 1995, Plaintiffs filed a *pro se* civil rights complaint.  On April 14, 1995, Plaintiffs filed an amended complaint, again *pro se*.  Plaintiffs then obtained counsel and sought leave to file another amended complaint.  On October 3, 1995, Plaintiffs' motion to amend their complaint was conditionally granted.  However, Plaintiffs' counsel's motion to withdraw was also granted and no amended complaint was filed.

On July 22, 1997, the Court entered an order dismissing several of Plaintiffs' claims.  On December 11, 1997, the Court denied Defendants' motions for summary judgment.  On December 17, 1997, Richard Rosenstock entered his appearance on behalf of Plaintiffs and on January 29, 1998, Plaintiffs sought reconsideration of the Court's July 22, 1997 Order.  On February 3, 1998, Plaintiffs filed a Motion for Leave to File a Second Amended Complaint.  Because of the way in which the litigation progressed, that proposed complaint was never filed.  On March 24, 1998, the Court entered an Order certifying the Defendants' interlocutory appeals as frivolous.  In doing so, the Court made several findings of fact and concluded that the existence, at that time, of disputed issues of material fact precluded appellate review.  On April 22, 1998, the Court granted, in part, Plaintiffs' motion for reconsideration and reinstated several of the claims that the Court had earlier dismissed.  On April 29, 1998, Plaintiffs filed an Amendment to their Motion for Leave to Amend, seeking permission to file a Third Amended Complaint.

On July 13, 1998, Plaintiffs filed a Motion for Partial Summary Judgment, and all Defendants filed responses in opposition to that motion.  On November 21, 2000, the San Juan County Defendants filed a Motion seeking leave to: (1) submit additional briefing in opposition to

Plaintiffs' summary judgment motion and (2) seek reconsideration of the Court's prior findings. On March 9, 2001, the San Juan County Defendants filed a Motion to Strike Plaintiffs' Third Amended Complaint on the ground that the proposed complaint violates Rules 8 and 10 of the Federal Rules of Civil Procedure.

**Discussion.**

**Motion for Leave to Amend.**  Plaintiffs have already filed one amended complaint; they may amend their complaint again only by leave of Court or by written consent of the adverse parties.  Fed. R. Civ. P. 15(a).  The Federal Rules of Civil Procedure instruct, and the Supreme Court has emphasized, that "leave is to be freely given when justice so requires."  *Id.*; *see also Foman v. Davis*, 371 U.S. 178 (1962).  A Court may refuse leave to amend "for various reasons including 'undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, [and] futility of amendment.'"  *Maya v. General Motors Corp.*, 953 F.Supp. 1245, 1250 (D.N.M. 1996) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

Plaintiffs advance two reasons for seeking to amend their complaint: (1) their first two complaints were filed when they were proceeding *pro se* and they should be permitted to file an amended complaint with the assistance of competent counsel; and (2) the Court reinstated several claims that had been dismissed and it is necessary for them now to present all of their claims in a single, clear, concise, pleading.  Plaintiffs do not seek to add any claims or parties.

The County Defendants oppose leave to amend because the proposed amended complaint includes an allegation that Defendant Kephart lacked authority to perform building inspections and because the proposed amended complaint includes allegations regarding incidents that

occurred in 1983 and which are not, in and of themselves, actionable. Defendants Hrzich, McQuitty, and FUS oppose leave to amend because the proposed amended complaint includes a due process claim which is allegedly being raised for the first time and because Plaintiffs' claims are barred by *res judicata*.

All of the Defendants' arguments are meritless. The allegation that Defendant Kephart lacked authority to search Plaintiffs' residence is hardly new; it was presented in the original complaint and in the first amended complaint.[1] The Court recognizes that the County Defendants dispute this allegation. That an allegation is disputed, however, is not a sufficient justification for denying Plaintiffs the opportunity to set forth the allegation with greater clarity. The argument that Plaintiffs are improperly attempting to plead claims based on events that occurred in 1983 is similarly misplaced. It is clear from reading the proposed amended complaint that Plaintiffs are not seeking compensation for any harm caused by those events themselves; rather, the allegations are intended to support Plaintiffs' retaliation claim.[2]

The contention of Defendants Hrzich, McQuitty, and FUS that Plaintiffs are seeking to present a due process claim for the first time is foreclosed by this Court's prior orders finding that Plaintiffs have sufficiently alleged due process. *See* Mem. Op. and Order (April 22, 1998), 9; Mem. Op. and Order (July 22, 1997), 15-16. Finally, the Court has already determined that the claims presented in the proposed amended complaint are not barred by *res judicata* and that ruling has not been disturbed. *See* Mem. Op. and Order (April 22, 1998), 8-10. Defendants'

---

[1] In fact, the County Defendants acknowledge in their Motion to Strike that "[t]here is no substantive difference between the Third and First Amended Complaints." Mot. to Strike, 2.

[2] The County Defendants' argument, therefore, that any claims based on events that occurred in 1983 would be barred by the applicable statute of limitations is inapposite.

disagreement with the Court's ruling on that issue is not a proper basis for denying Plaintiffs leave to amend their complaint. Accordingly, the Court finds that the interests of justice weigh in favor of granting Plaintiffs leave to amend.

**Motion for Leave to Submit Additional Briefs and to File a Motion for Reconsideration.** A motion for reconsideration "'should be granted only to correct manifest errors of law or to present newly discovered evidence.'" *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n.5 (10th Cir. 2000) (quoting *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997)). Defendants seek leave to file a motion for reconsideration because they believe that discovery has brought to light some facts that call into question some of the Court's prior findings.

Plaintiffs have sought summary judgment on four of their claims. In their motion for summary judgment, Plaintiffs set forth the facts that they believe to be undisputed, and contend that the lack of a dispute as to those facts entitles them to judgment as a matter of law.[3] The Defendants, on the other hand, contend that the facts are disputed and that, therefore, summary judgment is not warranted.

As Plaintiffs point out in their opposition to Defendants' motion, the question as to whether there are disputed issues of material fact is one of the questions that the Court will confront in deciding whether Plaintiffs are entitled to summary judgment. The Court is aware that there has been discovery since the entry of the March 24, 1998 Order; in fact, all parties have attached portions of this discovery to their summary judgment pleadings. Therefore, the Court

---

[3]In doing so, Plaintiffs note that they have quoted portions the Court's March 24, 1998 Memorandum Opinion.

has before it evidence from all parties regarding the factual matters at issue.

If the Court determines, based on the pleadings and evidence currently before it, that there are disputed issues of material fact with respect to the claims on which Plaintiffs seek summary judgment, Plaintiffs' motion will be denied. The Court finds that additional briefing on the meaning of its prior findings of fact would not aid the Court in its disposition of Plaintiffs' summary judgment motion. Moreover, the Court finds that Defendants have not pointed to any specific evidence, other than evidence which is already before the Court, that purportedly undermines the accuracy of the Court's prior findings. Accordingly, the County Defendants' Motion for Leave to File a Motion for Reconsideration of Facts and Conclusions Set Forth in the Court's Opinion Orders will be denied.

The fact remains, however, that because of the rather unusual procedural progression of this case, over two years have passed since the parties submitted their original summary judgment pleadings. Furthermore, there has been additional discovery since the filing of those pleadings. In light of these factors, the Court finds that it would be imprudent to rule on Plaintiffs' summary judgment motion without having the opportunity to review any evidence obtained during discovery which bears directly on the issue of whether there are disputed questions of material fact precluding summary judgment. Accordingly, the County Defendants' Motion for Leave to Submit Additional Briefs in Opposition to Plaintiffs' Motion for Partial Summary Judgment will be granted.

**Motion to Strike.** Under the Federal Rules, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading generally meets this requirement if it puts the opposing party on notice of the claim

presented and of the relief sought with sufficient specificity to enable to opposing party to formulate a response. *See Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1373 (10th Cir. 1979).

Rule 10 of the Federal Rules requires that "[e]ach claim founded upon a separate transaction or occurrence . . . be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth." Fed. R. Civ. P. 10(b). The purpose of this rule is to enable other parties and the Court to understand the claims presented. Therefore, even where distinct grounds for liability are set forth in a single count, the requirement is satisfied if there is no uncertainty. 2 *Moore's Federal Practice*, § 10.03[2][a] (Matthew Bender 3d ed.).

The Court finds that the County Defendants' Motion to Strike is premature because the proposed amended complaint has not yet been filed. In any event, the Court finds that the proposed amended complaint contains a short and plain statement of Plaintiffs' claims.[4] Therefore, the Court finds that the proposed amended complaint complies with Rule 8 of the Federal Rules of Civil Procedure.

The Court also finds that the proposed amended complaint complies with Rule 10 of the Federal Rules. Because Plaintiffs' allegations arise from two sets of occurrences, separate counts are arguably required by Rule 10. Nonetheless, as explained *supra*, Rule 10 is satisfied if the grounds for relief are set forth with sufficient specificity to enable the Court and other parties to understand them. The Court does not find the proposed amended complaint in any way confusing or unintelligible. Accordingly, the Court finds that separation of the claims into separate counts

---

[4]Furthermore, pleadings may include detailed factual allegations when the circumstances warrant specificity. *See, e.g., Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1430 (7th Cir. 1993); *Desai v. Tire Kingdom, Inc.*, 944 F.Supp. 876, 879 (M.D. Fla. 1996).

7

would not facilitate "the clear presentation of the matters set forth."  Fed. R.  Civ. P. 10(b).

To the extent that Plaintiffs seek the imposition of Rule 11 sanctions, their request will be denied.  "[A]n attorney's actions must be objectively reasonable in order to avoid Rule 11 sanctions." *White v. General Motors Corp., Inc.*, 908 F.2d 675, 680 (10th Cir. 1990) *cert. denied* 111 S. Ct. 788 (1991).  "Rule 11 should not be used to discourage advocacy, including that which challenges existing law." *Id.* at 683.  The test for determining whether Rule 11 has been violated is "whether a reasonable attorney admitted to practice before the district court would file such a document." *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988).  The Court concludes that while the County Defendants' Motion to Strike must be denied, the filing of the motion was not objectively unreasonable.

**Conclusion.**  For the foregoing reasons, the Court finds that Plaintiffs should be granted leave to file the proposed amended complaint and that the complaint complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Furthermore, the Court finds that leave to file a motion for reconsideration should not be granted, but that additional briefing on Plaintiffs' summary judgment motion may aid the Court in its disposition of that motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File a Third Amended Complaint **[Doc. No. 309]** is hereby **GRANTED**; the San Juan County Defendants' Motion for Leave to Submit Additional Briefs in Opposition to Plaintiffs' Motion for Partial Summary Judgment and Request for Leave to File a Motion for Reconsideration of Facts and Conclusions Set Forth in the Court's Opinion Orders **[Doc. No. 416]** is hereby **GRANTED IN PART**; and the San Juan County Defendants' Motion to Strike Plaintiffs' Proposed Third Amended Complaint **[Doc. No. 454]** is hereby **DENIED**.  The Complaint attached as Exhibit 1 to

Plaintiff's Motion for Leave to File a Third Amended Complaint shall be filed.  The San Juan County Defendants shall, within five (5) working days from the date of this Order, file any additional briefs that they wish to submit in response to Plaintiffs' Motion for Partial Summary Judgment.  If Plaintiffs wish to reply, they shall do so within five (5) working days from the date of Defendants' submission.

**IT IS SO ORDERED.**

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

<u>Attorney for Plaintiff:</u>
    Richard Rosenstock

<u>Attorneys for Defendants:</u>
    Mark J. Riley
    Richard J. Shane
    Courtenay L. Keller