### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

ANTHONY HEUSER and NONA HEUSER,

    Plaintiffs,

-vs-                               MAY 2 4 2001        NO. CIV 95-0257 MV/LCS/ACE

FRANK KEPHART, et. al.,

    Defendants.

### SAN JUAN COUNTY DEFENDANTS' REQUESTED FINDINGS
### OF FACT AND CONCLUSIONS OF LAW

**COME NOW** Defendants Frank Kephart, James Cheverie, Roger Lassater, and the San Juan County Board of County Commissioners, (Defendants), by and through their attorneys of record, Riley, Shane & Hale, P.A. (Mark J. Riley), and submit the following Requested Findings of Fact and Conclusions of Law as further support of their Notice of Objection to Magistrate's Order and Motion for Order to Show Cause:

### REQUESTED FINDINGS OF FACT

1.    Adams is a friend, associate, and person who shares similar political beliefs as Plaintiff, Anthony Heuser, in that they both perceive themselves as constitutionalists. See Exhibit A, hereto, Deposition of Anthony Heuser, Vol. I and II., pp. 113, 114, 117, 118, 122, 143, 148, 149, 314, 315; San Juan County Defendants' Supplemental Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment (#503) and Heuser Deposition Attached thereto, pp. 96, 97, 98.

2.    Both Adams and Heuser have long histories of activities in lawsuits. See Exhibit A, hereto, Heuser Depo., pp. 89, 90, 242, 253; Exhibit B, hereto, Plaintiff' Answers to Defendant



Kephart's Amended First Set of Interrogatories, No. 4; Memorandum in Support of County Defendants' Motion to Enforce Subpoena (#488), Exhibit C, pp. 2-3, FN 2, 3, 4, 5, and 8; Exhibit C, hereto Docket Sheets for Federal and State District Courts.

3. The material time frame includes July 1991 through June 1992, beginning with Heuser's citation for no building permit, Heuser's conviction therein on February 8, 1992, search for building code inspection March 11, 1992, City's notice of electric code violation April 2, 1992 and City's termination of Heusers' electrical service on June 10, 1992.

4. Adams and Heuser combined during this time frame to challenge San Juan County Magistrates from presiding at Heuser's trial and from issuing search warrants. See Exhibit A hereto, Heuser Depo, p.287, 288, 296, 297, 298, 309, 310; #503, Deposition of Anthony Heuser, attached thereto, pp. 89, 253, Exhibit C, Adams' Affidavit February 6, 1996, Exhibit D, Request for Preliminary Injunctive Relief and Restraining Order, Exhibit E, Letter to Tom Udall, March 13, 1992; Exhibit D hereto, Petition for Writ of Prohibition - Deposition Exhibit 88).

5. Following conviction by jury, Adams passed information to Heuser that the County sought a search warrant to perform a building inspection. See #503, Heuser Depo attached thereto, p.307, 311; Exhibit C to #503, Affidavit of Winfred Adams, December 1, 1995.

6. Adams swore he was a witness to the City of Farmington's June 10, 1992 disconnection of Plaintiffs' electrical service, See #503, Exhibit C, Affidavit of Winfred Adams, January 6, 1997.

7. Defendants anticipate a deposition would reveal Adams and Heuser shared vitriolic, anti-government sentiments, which were prevalent during that time period. See Exhibit A hereto, Heuser Depo, pp. 118, 119, 122, 128, 134, 135, 136, 284, 285, 291, 292, 293, 294, 295.

8.    This discourse led Plaintiff to post a sign "Ruby Ridge/Waco Generating Station".Exhibit A, hereto, Heuser Depo, p. 112, 116, 127. 295; #503, Exhibit F.

9.    A deposition of Adams will likely show that Plaintiff's decision to defy the City's Electrical Code was a political statement, encouraged by Adams, thus refuting Plaintiffs' claim that it was a constitutional violation that caused his damages.

10.   On April 17, 2001 Mr. Adams was served with a subpoena to appear for deposition in this case on May 3, 2001. See #488, Exhibit A.

11.   On April 23, 2001, County Defendants received Mr. Adams' Verified Notice to the President of the United States and to the United States District Court stating that he "shall not honor any subpoena issued by any judge of this court, unless and until those judges . . have satisfied the self-executing provisions of Section 3 and 4 of the 14th Amendment to the United States Constitution." #488, Exhibit C.

12.   Mr. Adams states in paragraph 10 of his Verified Notice that he will refuse to obey the Subpoena and that he is willing to use force to resist the Subpoena, "just as I was wiling to do singlehandedly while suppressing a Philippine Air Force in 1963 ..., and just as I would do on any battlefield in service to this Nation ...." ¶13.  Heuser and Adams remain in communication and have discussed the subpoena and Adams' response thereto. .Exhibit A hereto, Hueser Deposition, pp. 118, 407, 408, 409.

13.   On April 24 2001, the San Juan Defendants filed herein their Motion to Enforce Subpoena (#487) and memorandum in support (#488), detailing Mr. Adams' response to the subpoena. On April 30, 2001, San Juan filed its Supplement to Motion to Enforce Subpoena (#496), describing Mr. Adams' refusal to accept service of his copies of the motion and brief, and on May

3

1, 2001, the hearing on Defendants' Motion was convened.

14. On May 3, 2001, Mr. Adams failed to appear for his deposition. See Exhibit E. hereto, Scheduled Deposition of Paul Adams.

15. In spite of Mr. Adams' flagrant and contemptuous defiance of this Court's subpoena power, the Magistrate Judge has denied these defendants' Motion to Enforce Subpoena. Mr. Adams' deposition will provide relevant testimony on numerous issues relating to the search of Plaintiff's residence, the Plaintiffs' claim and San Juan County's defense thereto. Accordingly, as more fully discussed herein, the Magistrate Judges Order is erroneous and contrary to law.

## CONCLUSIONS OF LAW

1. Winfred Paul Adams refused to appear for his deposition.

2. Winfred Paul Adams was properly served with a lawful subpoena.

3. Winfred Paul Adams is in contempt of this Court.

4. Winfred Paul Adams is ordered to show cause why he should not be held in contempt of Court.

5. Winfred Paul Adams is ordered to appear for deposition within ten (10) days and produce documents set out in the subpoena.

Respectfully submitted,

RILEY, SHANE & HALE, P.A.

By: _____
MARK J. RILEY
Attorney for San Juan County Defendants
4101 Indian School Rd. NE, Suite 200-N
Albuquerque, NM 87110
(505) 883-5030

4

I certify that a true and correct copy of the foregoing was **SENT VIA U.S. MAIL** to opposing counsel this 24th day of May, 2001, as follows:

| | | |
|---|---|---|
| Richard Rosenstock | Linda M. Vanzi | Winfred P. Adams |
| Attorney at Law | Attorney at Law | 2010 N. Tucker #4 |
| P.O. Box 10230 | 812 Marquette NW | Farmington, NM 87401 |
| Santa Fe, NM 87504-6230 | Albuquerque, NM 87102 | |
| *Attorney for Plaintiffs* | *Attorney for Plaintiffs* | |

_[signature]_
MARK J. RILEY

5